# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ANTHONY TELLIGMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| vs. ) | No. _____ |
| ) | |
| ATLANTA CLEAN TECH ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Anthony Telligman files this Complaint against Atlanta Clean Tech Services, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorney's fees. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Anthony Telligman is a resident of Georgia in this judicial district and the Rome division.

2. Atlanta Clean Tech Services, Inc. ("Atlanta Clean") is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as P.O. Box 440724, Kennesaw, GA, 30160.

3. Defendant's registered agent for service of process is Cody Shiver,

1739 Oakbrook Ln., Kennesaw, GA, 30152.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## FACTS

6. The relevant time period is three (3) years prior to the filing of this complaint.

7. Atlanta Clean owns and operates a commercial cleaning, pressure washing, and punch out service where Plaintiff worked and was denied earned wages and overtime.

8. Plaintiff was hired by and began employment with Atlanta Clean in July of 2016.

9. At all times during the relevant period, Plaintiff was a non-exempt hourly worker for Atlanta Clean.

10. Plaintiff was employed as a "punch out" worker and would complete punch lists for buildings nearing the end of a construction project. A punch list is a

document prepared near the end of a construction project listing work not conforming to contract specifications that the contractor must complete prior to final payment. The work may include incomplete or incorrect installations or incidental damage to existing finishes, material, and structures.

11. While Plaintiff's schedule varied, he generally worked between fifty-five (55) and seventy (70) hours per workweek.

12. At all times throughout the relevant period, Plaintiff was paid a flat hourly rate for all hours worked, including but not limited to all hours worked in excess of forty (40) hours per workweek.

13. Plaintiff was initially paid flat hourly rate of $10.00 per hour.

14. At some point during the relevant period, Plaintiff's hourly rate was increased to $11.00 per hour.

15. Atlanta Clean willfully refused to pay Plaintiff properly for overtime compensation as required by federal law.

16. Atlanta Clean maintained records of hours that Plaintiff worked.

17. At all times throughout the relevant period, Plaintiff was an "employee" of Atlanta Clean and covered under the FLSA.

18. At all times during the relevant period, Atlanta Clean was the "employer" of Plaintiff under the FLSA.

19. At all times during the relevant period, Atlanta Clean had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

20. At all times during the relevant period, Atlanta Clean was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

21. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

22. At all times during the relevant period, Atlanta Clean was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23. At all times during the relevant period, Atlanta Clean employed Plaintiff within the meaning of the FLSA.

24. At all times during the relevant period, Atlanta Clean had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek.

25. As a result of Atlanta Clean's willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, Atlanta Clean violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

26. Atlanta Clean's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27. Due to Atlanta Clean's FLSA violations, Plaintiff was damaged and is entitled to recover from Atlanta Clean compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Atlanta Clean:

A. An award of unpaid compensation for overtime wages to Plaintiff;

B. An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 9, 2018,


**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Christopher B. Hall
Ga. Bar #318380
Gordon Van Remmen
Ga. Bar #215512

1230 Peachtree St. NE
Suite 950
Atlanta, GA 30309
Tel.: (404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*


Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.